Wanamaker, J.
The sole question in this case is whether or not plaintiffs below had a cause of action against the administrator upon the contract made between them and the guardian for board, nursing, washing, care, attention, etc., furnished Lindley Gregg in his lifetime, or whether the rights of the plaintiffs should have been worked out in the probate court as against the guardian.
*439 It is an elementary rule of law that when an imbecile dies, in fact, his guardian dies, in law; his legal power -is at an end. His sole duty then is to render an account of his stewardship up to the date of his ward’s death, giving the full amount of all debits and credits touching his administration, and of all unpaid claims and unfinished business.
This doctrine has been announced and applied times without number by our courts, .and in no case more clearly and convincingly than in Sommers v. Boyd, Treas., 48 Ohio St., 648. The syllabus of that case reads:
“1. The death of the ward terminates the guardianship, and the guardian has no further authority or control over the personal estate remaining in his hands except to safely keep and deliver the same to the personal representative.
“2. When administration is granted upon the estate of a deceased ward, the assets vest immediately in the administrator, whose title, by relation, dates back to the time of the decease; and thereafter, he, and not the former guardian, is the proper person to list the personal estate for taxation.”
The guardian is the personal representative of the ward while the ward lives; upon the ward’s death the administrator or executor becomes his personal representative as to any and all things pertaining to debtors and creditors of the estate, whether such debt or credit arose out of transactions with the ward himself or his personal representative in his lifetime, the guardian.
We have been cited to the case of Loudon v. Patterson, Admx., 41 Ohio St., 206, in support of the contention that the rights of the plaintiffs below *440 should first have been worked out against the guardian. The per curiam in that case shows an entirely different state of facts than is here involved. That suit was begun in the lifetime of the ward, and an appeal was thereafter taken. Pending that appeal in the court of common pleas the ward died, and the guardian became his administratrix. The common pleas court found the facts and directed “her to pay debts incurred during the guardianship in the order in which they were contracted,” without making any distinction between “her” as guardian or as administratrix, and the judgment below was affirmed by this court.
The last holding of the supreme court in its per curiam in the Patterson case was in these words:
‘ ‘ The death of the ward did not take away the creditors ’ right to the order. ’ ’ The order had been made in the lifetime of the ward, and was a valid debt against the ward’s estate, adjudicated as such, and it was unnecessary to quibble about whether it was an estate held by the guardian or by the administratrix. The ward being dead in fact, the guardian was dead in law, and the administratrix represented the only survivorship of that estate.
Neither do we find anything to the contrary in Thomas, Admx., v. Moore, 52 Ohio St., 200, or in Scattergood v. Ingram, 86 Ohio St., 76. The latter case, especially, is not in point, as it does not involve the pivotal question in this case.
Again no question is made here as to the right of plaintiffs to relief and recovery under the contract. Whether they are entitled to recover a judgment under the several causes of action involved will be adjudicated later upon trial duly had upon the merits *441 of the case as made up later upon issues joined in the court of common pleas. Remedial rights under the common law and statutes should he liberally construed. To defeat a right to recover, upon a mere legal quibble as to whether the cause of action should be prosecuted through or against a guardian or administrator, after the death of the ward, would be merely an impeachment of the efficiency of courts of law to administer justice.
Technically, there is no doubt a number of decisions that hold or tend to hold that the necessaries of life furnished a ward are primarily the obligation of bis guardian; and yet with equal, or even greater consistency, it must be held that such service rendered a ward, suited to his condition and necessities, is equally the obligation of the ward himself.
It would be unprofitable, as it is unnecessary, to pursue this discussion or distinction further. The statutory accounting required of the guardian is fully complied with when he makes a full report of the status quo of his ward’s estate at the time of his ward’s death. He is without power to in any wise change that status. Any change therein must be worked out through the administrator of the ward’s estate.
Judgment reversed and cause remanded to the court of common pleas of Harrison county for siich other and further proceedings as are warranted in law, consistent with this judgment and opinion.

Judgment reversed.

Marshall, C. J., Hough, Robinson, Jones, Matthias and Clark, JJ., concur.